MEMORANDUM OPINION
PROCTOR, J.
The motions of defendants, Metro-Goldwyn-Mayer Distributing Corporation and The Washington Times Company, *98 to dismiss the amended bill, must in my opinion be sustained, upon the basic ground that there is no substantial similarity between plaintiff’s story “As Is” and the story “Gabriel Over the White House” which was presented in the photoplay, newspaper serial and book by that name. The complaint does not allege a copying of any part of plaintiff’s work, but rests the charges against the several defendants upon averments that the alleged infringing works are based upon and contain the chief elements of the plot in the book “As Is” changed and paraphrased under altered arrangements. These averments, if sufficient to charge infringement, are not in my judgment borne out by a comparative study of copies of the two stories annexed to the complaint and made a part thereof. Possibly some parallel may be found between the facts and ideas from which the plots are drawn and developed, but these would fall within the realm of common knowledge and thought — the public domain — and cannot be monopolized under the copyright laws.
I do not agree with plaintiff’s contention that decision must abide the taking of evidence. The two stories in printed form are parts of the complaint, as much as the averments contained therein. They have the added force and virtue of indisputable facts, which so far as they may go will override and prevail against averments stating conclusions contrary thereto. Judge Woolsey, in Lowenfels v. Nathan, 2 Fed. Supp. 73, an infringement case presenting a similar situation, speaks of such averments as being superseded by the realities. There the court adopted with favor the speedy and practical course of determining the case by the simple method of comparison, which had been strongly recommended by the Circuit Court of Appeals in Nichols v. Universal Pictures Corporation, 45 Fed. (2nd) 119, as the surest means of reaching a just decision in a suit for infringement of a copyright. It is a simple and enlightened method, which I, too, favor.
As my comparison has led to the finding that no sub *99 stantial similarity exists, it follows as a necessary conclusion that a case of infringement has not, in my opinion, been stated by the bill as amended. Accordingly the motions to dismiss will be sustained, and reasonable attorney’s fees allowed.
MEMORANDUM
PROCTOR, J.
Attorneys representing defendants whose motions to dismiss have been granted request that they each be allowed $500. I think their services worth the amounts suggested, but to allow a judgment for $1,000 against the plaintiff would, I fear, work a great hardship; and as I believe his suit was filed in good faith, I think it proper to take into consideration his own situation. Accordingly, I have allowed but $100 to each attorney.